1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

STEPHEN K. WEINSTONE,

Plaintiff,

v.

PIERCE COUNTY PROSECUTOR,

Defendant.

CASE NO. 3:15-CV-05255-BHS-DWC

ORDER ON MOTION FOR
APPOINTMENT OF COUNSEL

15

16

17

18

19

20

21

22

23

24

        The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

Judge David W. Christel. Currently pending in this action is Plaintiff's Motion for Appointment

of Counsel. Dkt. 4. No constitutional right to appointed counsel exists in a § 1983 action.

*Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in*

*U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the

1    Court must evaluate both "the likelihood of success on the merits [and] the ability of the

2    [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."

3    *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718

4    F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

5    of his case or the legal issues involved and an inadequate ability to articulate the factual basis of

6    his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

7           Plaintiff submitted an Application for Court-Appointed Counsel Motion form containing

8    only his signature. Dkt. 4. He provided no reasons for why he is requesting court appointed

9    counsel. The Court notes his case does not involve complex facts or law, and Plaintiff has not

10   shown an inability to articulate the factual basis of his claims in a fashion understandable to the

11   Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. Accordingly,

12   Plaintiff's Motion for Appointment of Counsel is denied without prejudice.

13          Dated this 26th day of June, 2015.

14

15                                                 David W. Christel
                                                   United States Magistrate Judge
16

17

18

19

20

21

22

23

24