UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN K. WEINSTONE,

    Plaintiff,

v.

PIERCE COUNTY PROSECUTOR,

    Defendant.

CASE NO. 3:15-CV-05255-BHS-DWC

REPORT AND RECOMMENDATION

NOTING DATE: JULY 17, 2015

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently pending before the Court is Plaintiff's Response to the Court's Order to Show Cause. Dkt. 8. The Court concludes Plaintiff has failed to show cause as to why this case should not be dismissed for failure to state claim under § 1983. Further, Plaintiff has failed to file an amended complaint and the time for doing so has expired. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

**BACKGROUND**

Plaintiff filed a Complaint alleging his constitutional rights were violated when Defendant, the Pierce County Prosecutor, improperly used an Oregon State conviction to

enhance Plaintiff's sentence in a State of Washington conviction for Solicitation to Commit Murder in the First Degree ("Washington Conviction"). Dkt. 3. Plaintiff maintains the Oregon Governor fully pardoned a 1961 Oregon conviction and alleges Defendant committed prosecutorial misconduct by using the 1961 conviction to enhance the sentence in Plaintiff's Washington Conviction. *Id*. Plaintiff maintains he served an increased sentence –a total of fifteen years – in Washington State prisons as a result of the improper sentence enhancement. Dkt. 3, p. 2. Plaintiff requests the Court expunge the Washington State conviction for Solicitation to Commit Murder in the First Degree from his record. Dkt. 3, p. 4. In addition, Plaintiff requests damages in the amount of five-hundred dollars for each day of the fifteen years he was incarcerated. *Id*.

During an initial review pursuant to 28 U.S.C. § 1915A, the Court concluded Plaintiff failed to state a claim under § 1983. *See* Dkt. 6. The Court ordered Plaintiff to show cause as to why his Complaint should not be dismissed for failure to establish a *prima facie* claim under §1983 or file an amended complaint. *Id*. Plaintiff filed a Response to the Show Cause Order ("Response") on June 19, 2015. Dkt. 8.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.   *Heck* Bar

Plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff's sole claim--prosecutorial misconduct resulted in an enhanced sentence-- necessarily implies the invalidity of the duration of his confinement. As Plaintiff's allegations amount to an attack on the constitutional validity of an underlying state criminal proceeding, it

1 may not be maintained pursuant to § 1983 unless he can show the conviction has been
2 invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir.
3 2003). Plaintiff does not allege, in his Complaint or Response, his conviction or sentence has
4 been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
5 authorized to make such determination, or called into question by a federal court's issuance of a
6 writ of habeas corpus. Rather, Plaintiff contends this civil case is his attempt to reverse his
7 Washington Conviction and requests the Court expunge the conviction, implying his underlying
8 state criminal proceeding has not been invalidated. Accordingly, Petitioner's Complaint is barred
9 by *Heck*, and this action must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*,
10 49 F.3d 583, 585 (9th Cir. 1995) (finding dismissal without prejudice required when the plaintiff
11 failed to show his underlying conviction had been invalidated).

12     B.  <u>Prosecutorial Immunity</u>

13       Even if Plaintiff could show the Washington Conviction has been invalidated, his
14 Complaint is subject to dismissal because the sole Defendant, the Pierce County Prosecutor, is
15 immune from liability for damages. Under 28 U.S.C. §1915(e)(2)(B) and § 1915A(b), the Court
16 shall dismiss the case if the Court determines the action seeks monetary relief against a
17 defendant who is immune from such relief. Prosecutors are entitled to absolute immunity from
18 liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial
19 immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial
20 capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986)(*citing Imbler*, 424 U.S. at
21 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without
22 civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'"
23 *Id.* (*quoting Imbler*, 424 U.S. at 427).

24

1    In his Complaint and Response, Plaintiff names the Pierce County Prosecutor as the sole

2 Defendant in this §1983 action. *See* Dkt. 8. As Defendant has absolute immunity from damages,

3 Defendant must be dismissed from this action. As no defendant remains, this case must be

4 dismissed.

5    C.   Failure to Show Cause

6    As Plaintiff's Complaint failed to establish a *prima facie* claim under § 1983, this Court

7 ordered Plaintiff to file an amended complaint or show cause as to why his Complaint should not

8 be dismissed. Dkt. 6. Plaintiff was ordered to comply with the Order to Show Cause by June 15,

9 2015. *Id.* Plaintiff filed his Response on June 19, 2015. Dkt. 8. Plaintiff has not filed an amended

10 complaint, and the time for doing so has now expired.

11   In his Response, Plaintiff does not provide new allegations correcting the deficiencies in

12 his Complaint. *See id.* Rather, Plaintiff re-alleges Defendant refused to tell the state sentencing

13 judge Plaintiff was given a pardon from the 1961 armed robbery conviction in Oregon. *Id.* at pp.

14 2- 3. Plaintiff also states he began reading the law after seven years in prison and decided to

15 pursue reversal of his Washington Conviction by arguing prosecutorial misconduct. *Id.* at p. 3.

16   Plaintiff provided no new information or factual contentions to overcome the deficiencies

17 of his Complaint. Further, Plaintiff fails to show cause as to why his Complaint should be

18 allowed to proceed beyond the initial screening.

19                                    **CONCLUSION**

20   The Court finds Plaintiff has failed to state a claim for which relief can be granted under

21 §1983. Further, Plaintiff failed to show cause as to why this Complaint should not be dismissed

22 or file an amended complaint to attempt to cure the deficiencies. Accordingly, the Court

23 recommends Plaintiff's Complaint be dismissed without prejudice.

24

REPORT AND RECOMMENDATION - 5

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July
6  17, 2015, as noted in the caption.

7  Dated this 26th day of June, 2015.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6